DAVID L. HEDRICK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hedrick v. Commissioner
Docket Nos. 1308-83, 2636-84.
United States Tax Court
T.C. Memo 1985-305; 1985 Tax Ct. Memo LEXIS 322; 50 T.C.M. (CCH) 211; T.C.M. (RIA) 85305; June 25, 1985. Ronald M. Rosen, for the respondent. BUCKLEY MEMORANDUM OPINION BUCKLEY, Special Trial Judge: These two consolidated cases were assigned to the undersigned pursuant to the provisions of section 7456 of the Code. [1] They are before us on respondent's motion to dismiss for failure properly to prosecute and for the imposition of an award of damages under section 6673. We grant both motions. Respondent issued two deficiency notices to petitioner in which *323 he determined deficiencies in petitioner's Federal income taxes as follows: Additions to Tax
Year
Income Tax
§ 6651(a)
§ 6653(a)
§ 6654(a)
Docket 1308-83
1976
$3,146
$786.50
$157.30
$100.67
1977
3,301
825.25
165.05
105.63
Docket 2636-84
1981
6,080
1,520.00
[2] 304.00
462.08
The deficiency notices were predicated upon a failure to file returns and to report income in the amounts of $17,521 for 1976, $17,805 for 1977 and $26,514 for 1981. Petitioner timely filed petitions with this Court in which he alleged his residence was Pedley, California, for Docket 1308-83 and Glen Avon, California, in Docket 2636-84. In addition, petitioner made various allegations of a tax-protester nature. Thus, he alleged that he was not required to file an income tax return or pay an income tax for any of the years in question, that he received nothing during those years of known tangible value, that he enjoyed no grant of privilege or franchise and that he did not volunteer to self-assess himself for taxes and that he was *324 not a taxpayer. Petitioner filed requests for a jury trial in each case, each of which was denied. After respondent's answer was filed in Docket 1308-83, petitioner moved for summary judgment alleging that the answer did not meet the requirements of our Rule 36. [3] Petitioner's motion was denied. Petitioner failed to respond to the call of the calendar on August 27, 1984. Respondent accordingly moved to dismiss and sought a damage award under section 6673 in each case. The Court takes judicial notice that petitioner is one of several hundred persons in the southern California area who have filed petitions and other papers with this Court of a substantially identical nature. [4] We also take judicial notice of the fact that on August 3, 1983, this Court entered an order of dismissal and decision against petitioner in Docket 19627-82 in which this same petitioner filed a similar petition with this Court in regard to his 1978, 1979 and 1980 tax years. In that case, as in those at bar, petitioner failed to heed the call of the calendar.
*325 A notice of deficiency is ordinarily presumed correct, and the taxpayer bears the burden of proviing that respondent's determination of his taxable income is erroneous. ; Rule 142(a). Petitioner, by failing to respond to the call of the calendar, has refused to prosecute his cases or to offer evidence in regard to them. Rules 123(b) and 149(b) provide: RULE 123. DEFAULT AND DISMISSAL * * * (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * RULE 149. FAILURE TO APPEAR OR TO ADDUCE EVIDENCE * * * (b) Failure of Proof: Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by his adversary, *326 may be ground for dismissal or for determination of the affected issue against that party. * * * The allegations of petitioner in his petitions are so frivolous and groundless as not to warrant any extended discussion. See . We would be doing a disservice to those petitioners who come before this Court with valid controversides were we to expend our time and resources on exhaustive analyses of each meritless allegation of petitioner. In any event, petitioner, by failing to appear to present evidence and by failing otherwise properly to prosecute these matters, has once again made himself subject to dismissal under Rule 123 and 149. In addition, we have considered respondent's oral motion for the imposition of damages in each case under section 6673. That section, as in effect for the years in which this petition was filed, gives this Court authority to award damages up to $5,000 when it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or where the position in such proceedings is frivolous or groundless. See secs. 292(b) and (e)(2), Tax Equity and Fiscal Responsibility *327 Act of 1982, Pub. L. 97-248, 96 Stat. 324, 574. We find that both petitions filed herein are frivolous and groundless. We further note that petitioner filed the petition in Docket 2636-84 on January 31, 1984, which was after this Court had entered its order of dismissal and decision in Docket 19627-82 covering his 1978 through 1980 tax years. This petitioner has abused the processes of this Court. We award damages to the United States under the provisions of section 6673 in the amount of $5,000 in Docket 1308-83 and in the amount of $5,000 in Docket 2636-84. Appropriate orders and decisions will be entered.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Together with 50 percent of the interest due on $6,080 under the provisions of section 6653(a)(2).↩
3. Rule references are to the Tax Court Rules of Practice and Procedure.↩
4. See, e.g., ; ; ; .↩